IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

TERENCE ONE BOYD                                                              PLAINTIFF

V.                                                            NO. 4:14CV00111-DMB-SAA

CHRISTOPHER B. EPPS, ET AL.                                                 DEFENDANTS

## MEMORANDUM OPINION DISMISSING CASE

The Court, *sua sponte,* takes up the dismissal of the plaintiff's case filed under 42 U.S.C. § 1983. The plaintiff, Terence Boyd, a prisoner proceeding *pro se*, claims not to seek review of his 1997 state conviction and sentence; however, the text of the instant complaint and supporting memorandum suggests otherwise. In his prayer for relief, Boyd asks: (1) that the court determine whether the defendants violated his right to due process by entering a *sua sponte* order for a new trial several months after the deadline to do so expired; (2) that the defendants be held liable for costs and fees; (3) that the court hold that a writ of *habeas corpus ad prosequendum* was not the proper vehicle for the State to pursue a motion for a new trial in Boyd's criminal case, and (4) for the court to hold a jury trial to determine whether the defendants violated his constitutional rights during the prosecution of the criminal charges against him.

### *Heck v. Humphrey*

A § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement is not cognizable under § 1983 until such time as a § 1983 plaintiff is able to

> prove that the conviction or sentence has been *reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus*, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Boyd v. Biggers*, 31 F.3d 279, 283 (5th

Cir. 1994). For Boyd to move forward with the instant claim, he must show that that his § 1983 suit, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the § 1983 action be allowed to proceed. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

Boyd has attempted to avoid dismissal under *Heck* by stating that he is not seeking release from incarceration. However, this appears to be a distinction without a difference. If Boyd were to prove his claim (that the State violated federal law in obtaining his conviction), then he would necessarily call into question the validity of that conviction – no matter the relief he seeks. By any rational measure, Boyd seeks review of his conviction and sentence imposed under the laws of Mississippi. Such a claim under 42 U.S.C. § 1983 does not accrue until the conviction or sentence has been invalidated. *Heck*, 512 U.S. at 489-90. As Boyd has not shown that his conviction or sentence has been reversed, expunged, invalidated or impugned by the grant of a writ of *habeas corpus*, his claim under 42 U.S.C. § 1983 is not ripe for consideration and will be dismissed without prejudice to his ability to seek relief through a *habeas corpus* claim.

**Statute of Limitations**

Boyd's claims also fail because they are barred by the applicable statute of limitations. A federal court borrows the forum state's general or residual personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249 (1989); *Gartrell v. Gaylor*, 981 F.2d 254 (5th Cir. 1993). In Mississippi, that statute is Miss. Code Ann. § 15-1-49, which allows a litigant only three years to file such an action, and the statute begins to run "at the moment the plaintiff becomes aware he has suffered an injury or has sufficient information to know he has been injured." *Russell v. Bd. of Trustees of Firemen, etc.*, 968 F.2d 489 (5th Cir. 1992), *cert. denied*, 507 U.S. 914 (1993) (citations omitted). As

stated in Boyd's complaint, he was convicted in 1997. Certainly he had sufficient information to know he had been injured at that time; as such the deadline under Miss. Code Ann. § 15-1-49 to seek § 1983 relief on those claims expired some 14 years ago in the year 2000. Thus, Boyd's claims must also be dismissed because he raised them after the statute of limitations expired.

Therefore, the instant case will be dismissed both for failure to state a claim upon which relief could be granted and under the applicable statute of limitations. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 29th day of August, 2014.

                                        **/s/ Debra M. Brown**
                                        **UNITED STATES DISTRICT JUDGE**